it with the assignor and his wife: *held*, that the assignment was void, as tending to hinder, delay and defraud creditors.

All exempt property, although expressly excepted from the assignment, was included in the inventory and lease. *Held*, that as the assignees acquired no title by the assignment or the delivery under it, the wife's title would not be superior to that of the creditors of her husband, and that his assent to the possession would not preclude the sheriff from levying upon a portion of such exempt property — viz., a team of horses — to satisfy a judgment obtained for their purchase-price upon the sale to the husband.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*A. Schoonmaker, Jr.*, and *J. M. Cooper*, for appellants.    *J. Newton Fiero*, for respondents.

Opinion *per Curiam*.

Present — Learned, P. J., Boardman and James, JJ.

Judgment reversed and new trial granted, costs to abide the event.

---

WILLIAM HANNAHS, as Executor, etc., Appellant, *v.* DELIA HANNAHS and others, Respondents.

*Costs of administration — Return — when should contain evidence.*

Upon the final settlement of the plaintiff's accounts, the expenses of administration and accounting were allowed at $652.55. Upon an appeal from the decree of the surrogate, the items, vouchers and evidence of such expenses were not returned, but the surrogate certified that they were presented to him in detail, and duly verified, proved, adjusted and allowed by him at that sum. *Held*, that the court was precluded by the return from reviewing such expenses. If the respondents desired a review thereof, they should have secured a return by the surrogate of all the facts and evidence upon which the claim was allowed by him. In the absence of any apparent error, the allowance was to be presumed correct.

Appeal by the plaintiff from a decree of the surrogate of the county of Otsego, entered upon the final settlement of his accounts as executor.

Upon the hearing of the appeal, the respondents objected to the amount allowed to the plaintiff for the expenses of administration and accounting.

*E. M. Harris*, for appellant. *L. I. Burditt*, for respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Decree modified by charging executor with $12.50 and interest, with costs of appeal.

---

DANIEL M. HARRIS AND OTHERS, APPELLANTS, *v.* ISAAC WESSELS, IMPLEADED, ETC., RESPONDENT.

*Chattel mortgage — execution of, by party not evidence of his sole ownership in property mortgaged.*

This action was brought to recover the value of certain repairs made upon a canal boat, alleged to be the joint property of the defendants Wessels and Waggoner. The latter did not appear in the action. Upon the trial Wessels, to prove that Waggoner was the sole owner of the boat, offered in evidence two chattel mortgages executed by him, one to one Wells, and the other to Wessels himself, which were, upon the plaintiffs' objection, excluded.

*Held*, that their exclusion was proper: 1st. Because Waggoner's declarations were not admissible as against the plaintiff. 2d. Because the fact of the execution of the mortgage did not tend to show that Wessels was not a joint owner, as either one of two joint owners has the right and power lawfully to mortgage his interest, without the consent, concurrence or knowledge of the other.

APPEAL from a judgment of the County Court of Montgomery county, reversing a judgment of a justice of the peace, in favor of the plaintiffs.

*H. Clay Hall*, for appellants. *R. B. Fish*, for respondent.

Opinion *per Curiam*.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment of the County Court reversed, and that of justice affirmed, with costs.